## DREW v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, E. D. Pennsylvania. September 8, 1921.)

No. 8366.

Pleading ☞343—Plaintiff held not entitled to judgment on pleadings.

 Judgment cannot be entered for a plaintiff on the pleadings where defendant's affidavit of defense raises issues of fact.

At Law. Action by William Drew against the United States Shipping Board Emergency Fleet Corporation. Motion by plaintiff for judgment. Denied.

Willard M. Harris, of Philadelphia, Pa., for plaintiff.
William Y. C. Anderson, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The murky atmosphere surrounding this case is due to the fact that the parties assumed the willingness of each other to reach an amicable adjustment of their differences, and so confidently expected such an adjustment to be made that no thought was given to any possible failure. The consequence is that the legal rights of the parties arising out of conditions before the attempted adjustment have become as well as mingled with possible rights arising out of agreements made during the course of the efforts to reach a final agreement. The further result which concerns us is that the whole situation has become very complicated. In order, if possible, to unravel the tangle, the best method which suggests itself is to begin at the beginning of the events out of which this litigation has grown and follow their course of happening chronologically to the present stage. We have barely more than an outline picture of these events, but the following is a history of the case. It will perhaps be helpful to make this statement in the form of numbered paragraphs. The statements are not made as verities in fact, but the facts which must be juridically assumed because of averments in the affidavit of defense and the undenied averments of the statement of claim:

(1) William Drew (the plaintiff) and one Lewis Drew were in partnership under the firm name of William Drew Marine Repair Works. The firm name indicates the business of the partnership.

(2) The Bulk Freight Steamship Corporation owned absolutely or under a contract of purchase a ship called the Hoxie. This ship was in September, 1920, in need of repair.

(3) The repairs were made by the plaintiff's firm. At whose instance and direction the repairs were made does not very clearly appear, but the fact would seem to be the work was done for the Bulk Freight Steamship Corporation, the then owner. The work was done in September, 1920, between the 17th and 21st or the 16th and 24th.

(4) The Hoxie was suffered to leave and proceed upon her next voyage without payment for the repairs made to her. A bill, however,

---

for $19,162.99 was rendered and payment demanded of the Bulk Corporation. The bill was not paid.

(5) The Hoxie when at Greenoch, Scotland, was on January 30, 1921, delivered to the defendant by the Second National Steamship Company. The link or links in the chain of title from the Bulk Corporation to the Second National are missing, nor do the terms of the transfer appear. The ship, however, returned in February, 1921, making port first at Norfolk, Va. Since then the ship has been in the possession of the defendant as owner.

(6) The bill for repairs was presented to the defendant. No other question was raised than as to the sum charged. This was objected to as excessive, and an agreement, as plaintiff avers, was reached to refer the question to arbitrators, whose decision thereon should be accepted as final.

(7) Arbitrators were accordingly chosen, and made their award in writing. The award was in effect that the bill as rendered "was reasonable and just and [the arbitrators] believe that the bill should be paid as rendered."

(8) The bill, however, has not been paid, and William Drew has brought the present action therefor in his own name, ignoring the partnership.

(9) The defendant has filed an affidavit of defense denying the right of the plaintiff to maintain his action. The grounds of denial are as follows:

(a) The defendant is in legal intendment the United States, against whom the action cannot be maintained.

(b) The right of action (if any exists) is not in the plaintiff, but in the firm of which he is or was a member.

(c) The submission to arbitration is not one upon which a right of action on the award can be founded.

(d) The award itself is not one upon which a right of action can be founded.

Denials of a number of the averments of fact contained in the statement of claim are also made, among which are:

(e) A denial of the submission of the controversy to arbitration.

(f) A denial of the correctness of the bill rendered and that the sum claimed is a fair and reasonable charge for the repairs to the vessel, but this is accompanied with an avowal of the willingness and readiness of the defendant to pay for said repairs whatever a fair sum therefor may be. There is also a suggestion made to the court in the argument at bar of the want of jurisdiction, inasmuch as there is no diversity of citizenship within the meaning of the Constitution or the acts of Congress averred. The suggestion is omitted from the affidavit of defense perhaps because of the inconsistency of averring lack of jurisdiction on this ground in the face of the position taken that the action is against the United States. The question suggested, however, goes to the jurisdiction of the court, and in consequence is one of which the court must take cognizance. The pending rule is one for judgment. In the state of facts above outlined it is clear that judgment cannot be entered for the plaintiff. The rule must in consequence

be discharged. We confine ourselves to the entry of such an order without discussion. The questions which arise out of such a record are well worthy of the consideration of counsel, but their action thereon ought to be taken uninfluenced by any expression of opinion from the court at this time.

The rule for judgment is discharged.